UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAWN L. BROWN,

    Plaintiff,

v.                                      CASE NO. 3:22-cv-927-MMH-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability, Disability Insurance Benefits and Supplemental Security Income. In a decision dated January 12, 2022, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 30, 2019, the amended alleged disability onset date, through the date of decision. (Tr. 11–27.) Plaintiff has exhausted his administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the memoranda, and the applicable law. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

## I. Issue on Appeal

Plaintiff makes the following argument on appeal:

> A sentence 4 remand is necessary in this matter because the Appeals Council failed to consider the opinion of [Plaintiff's] treating physician Dr. Restea regarding Plaintiff's residual functional capacity

(Doc. 11 at 4.)

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. The ALJ's Decision

At step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairments of:

> [O]besity, degenerative disc disease, degenerative joint disease, osteoarthritis, gout, diverticulitis, insomnia, obstructive sleep apnea, a history of COVID-19 infection,

2

>and a history of left eye melanoma (20 CFR 404.1520(c) and 416.920(c)).

(Tr. 14.)[1]

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (Tr. 16–17.) Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except:

>[W]ith the ability to occasionally balance, stoop, crouch, crawl, and climb stairs and ramps; no kneeling or climbing of ropes, ladders, or scaffolds; occasional use of the bilateral lower extremities for the operation of foot controls; avoidance of concentrated exposure to vibration, wetness, extreme cold, and workplace hazards such as moving machinery and unprotected heights.

(Tr. 17.) At step four, the ALJ found that Plaintiff could perform his past relevant work as a Check Cashier. (Tr. 26.) Therefore, Plaintiff was not disabled. (Tr. 26–27.)

## IV. Analysis

Plaintiff argues that a remand is necessary because the Appeals Council ("AC") "failed to consider" a Residual Functional Capacity Questionnaire submitted by his treating primary care physician, Dr. George Restea. (Doc. 11 at 4.) In support, Plaintiff notes that the AC did not exhibit the questionnaire. (*Id.* at 4–5.)

---

[1] The sequential evaluation process is described in the ALJ's decision. (Tr. 12–13.)

However, although the AC did not exhibit the questionnaire, it stated that "this evidence does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2.) Thus, the AC clearly did consider the questionnaire in determining that it would not likely have changed the ALJ's decision. *See Hardin v. Comm'r of Soc. Sec.*, No. 22-11026, 2023 WL 3318359 (11th Cir. May 9, 2023) (per curiam), *aff'g*, No. 4:20-cv-879-CLM, 2022 WL 628516, at *4 (N.D. Ala. Mar. 3, 2022) (rejecting the same argument; affirming the district court's decision that the AC "adequately evaluated" the new evidence, even though it did not exhibit it.).[2]

Since the AC considered the new evidence, the Court must determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1266 (11th Cir. 2007). The "record as a whole" consists of the evidence submitted both to the ALJ and the AC. *See id.* at 1266–67. Thus, the question presented is whether the new evidence submitted to the AC rendered the Commissioner's denial of benefits erroneous. *Id.* at 1262; *see also Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 785 (11th Cir. 2014) (citing *Ingram*, 496 F.3d at 1262) (holding new evidence "submitted to the Appeals Council did not render the Commissioner's denial of

---

[2] The Court does not rely on unpublished opinions as binding precedent. However, they may be cited when they are persuasive on a particular point. *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

benefits erroneous"). The denial of benefits would be erroneous if the new evidence "undermined the substantial evidence supporting the ALJ's decision." *Mitchell*, 771 F.3d at 785.

The undersigned recommends that Dr. Restea's opinions did not undermine the substantial evidence supporting the ALJ's decision. First, as the Eleventh Circuit recently stated, a doctor's "status as a treating physician has no impact on his opinion's persuasiveness under the new regulations."[3] *Sturdivant v. Comm'r of Soc. Sec.*, No. 22-13952, 2023 WL 3526609, at *4 (11th Cir. May 18, 2023). Thus, Plaintiff's argument that reversal is necessary simply because the record contains no other opinions from a treating doctor should be rejected. (*See* Doc. 11 at 6.)

Moreover, Dr. Restea's opinions are so at odds with the other evidence in the case, including his own treatment notes, that it is apparent that the ALJ would have given his opinions little, if any, weight. For example, Dr. Restea opined that since June 30, 2019, Plaintiff's condition prevented him from lifting any weight, required him to use a cane or other assistive device to stand or walk, and required him to rest every 10 to 15 minutes. (Tr. 70–71.) Dr. Restea further opined that, during this period, Plaintiff could not perform any job.[4] (Tr. 70.) This opinion is in

---

[3] The new regulations apply to claims filed on or after March 27, 2017, and Plaintiff's applications were filed on September 15, 2020. (Tr. 11.); *see also* 20 C.F.R. §§ 404.1520c & 416.920c.

[4] Unfortunately, some portions of Dr. Restea's handwritten questionnaire response are somewhat illegible. (Tr. 67–71.) However, his overall opinions and comments are decipherable.

glaring contrast to the ALJ's multiple observations that the record showed that Plaintiff was in fact *working as a floor installer* during this same time frame.  ((Tr. 13–14) "However, work history and activity reports dated October 15, 2020, noted claimant worked full-time as a self-employed floor installer from January 1, 2019 to December 31, 2019."); ((Tr. 22)  "On January 30, 2020, the claimant reported increased pain secondary to recently doing some floor work.  SIMED Records from February 25, 2020, noted, 'He did some heavy duty floor work and [sic] St. Augustine and had a significant increase in his pain for the next 2 or 3 days.  Other than that he's done fairly well.'"); ((Tr. 23) "The claimant presented to JOI on March 10, 2021, for evaluation of right knee pain. . . . 'He works in a very physically demanding job as an installer of floors.'").

The above notations in the record that Plaintiff was working as a floor installer, a heavy-duty job, fully support the ALJ's restrictive, sedentary RFC assessment.  (Tr. 17, 26.)  The ALJ's decision is further supported by the opinions of the consultative examiner and two state agency doctors, one of whom opined that Plaintiff was capable of light work.  (Tr. 23–25.)  The consultative examiner opined that Plaintiff "certainly appears capable of sedentary and light physical activities."  (Tr. 24, 952.)

Finally, Dr. Restea's opinions are inconsistent with his own medical records. For example, the ALJ referenced a physical examination wherein Dr. Restea noted that Plaintiff:

6

> [A]ppeared alert, fully oriented, and in no acute distress. He displayed good judgement and normal mood, affect, and memory. He ambulated normally. . . . Neurological exam showed intact coordination, normal gait and station, and grossly intact sensation and cranial nerves.

(Tr. 21.) This note, and many others reflecting normal evaluations, are inconsistent with Dr. Restea's questionnaire response that Plaintiff needed a cane or other assistive device to stand or walk. (Tr. 21, 70, 459–60, 463–65, 1010–11, 1015–16, 1021–22, 1026–27,1440–60.) In sum, Dr. Restea's opinions do not undermine the substantial evidence supporting the ALJ's decision. Therefore, the undersigned recommends that the Court affirm that decision.

### V.     Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, and for the reasons stated above, the undersigned respectfully recommends that the Commissioner's decision be affirmed.

Accordingly, it is respectfully **RECOMMENDED** that:

1.     The Commissioner's decision be **AFFIRMED**.

2.      The Clerk of Court be **DIRECTED** to enter judgment accordingly and close the file.

### Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on May 23, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record